# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| PAMELA SAVAGE, on behalf of herself and all others similarly situated, | ) CASE NO.<br>)<br>) JUDGE |
| Plaintiff, | )<br>) |
| vs. | ) **COLLECTIVE AND CLASS ACTION**<br>) **COMPLAINT**<br>) |
| THE FREMONT COMPANY, | ) **JURY DEMAND ENDORSED HEREON**<br>) |
| Defendant. | ) |

Plaintiff Pamela Savage, for her Complaint against Defendant, The Fremont Company, states and alleges as follows:

## INTRODUCTION

1. This case challenges policies and practices of Defendant that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of herself and other "similarly-situated" persons who may join this case pursuant to § 216(b).

3. Plaintiff brings this claim as a class action pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act on behalf of all hourly production and packing workers currently or previously employed by Defendant in Ohio within the two years preceding the filing of this Action.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this forum pursuant to 28 U.S.C. § 1391.

6. The Court has supplemental jurisdiction over the asserted state law claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

7. Plaintiff is an adult individual residing in Cleveland, Ohio.

8. At all relevant times, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

9. Defendant is a for-profit Ohio corporation that is registered to conduct business in Ohio. Upon information and belief, Defendant's principal place of business is located in Fremont, Ohio and Sandusky County, Ohio.

10. At all relevant times, Defendant conducted business in Fremont, Ohio, as well as other Ohio locations.

11. At all relevant times, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

12. At all relevant times, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

13. At all relevant times, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

14. Plaintiff's written consent to join this action is attached as **Exhibit A** and has been filed contemporaneously with this Complaint pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

15. Defendant is an Ohio corporation located in Fremont, Ohio that specializes in the manufacture of tomato-based sauces, pickled vegetables, and other specialty foods.

16. Plaintiff and other similarly situated employees were non-exempt employees under the FLSA and were paid an hourly wage.

17. Plaintiff and other similarly-situated employees donned and doffed personal protective equipment and sanitary clothing. It was required that these activities take place at Defendant's place of business.

18. Following donning and doffing personal protective equipment and sanitary clothing, Plaintiff and other similarly-situated employees were required to wash their hands at a designated hand-washing station before they began work each day.

19. The time Plaintiff and other similarly-situated employees spent donning and doffing their personal protective equipment and sanitary clothing, and spent washing their hands at the designated hand-washing station, and associated travel, was an integral and indispensable part of their principal activities, was required by Defendant, the Occupational Safety and Health Administration ("OSHA") and the U.S. Food and Drug Administration ("FDA"), and was performed for the Defendant's benefit in that it helped keep the Defendant's facility safe and sanitary, and it helped promote a more safe and efficient manufacturing or packing process.

20. Plaintiff and other similarly-situated employees, as full-time employees, regularly worked over 40 hours in a workweek during the last three years, including donning and doffing

time, the time spent washing their hands at the designated hand-washing station, and associated travel.

21. Plaintiff and other similarly-situated employees were not paid for all of the time spent donning and/or doffing their personal protective equipment and sanitary clothing, time spent washing their hands at the designated hand-washing station, and associated travel.

22. Defendant regularly docks its employees' pay. Indeed, Defendant's pay records have columns titled "Actual" and "Adjusted". Defendant's employees are only paid for the "Adjusted" time, and not the "Actual" time worked. This is direct and clear evidence that Defendant intentionally docks its employees' pay on a daily basis.

23. For example, each day Plaintiff and the putative class members clocked in. Although they began working before their scheduled shift time in the manner described above, Defendant did not begin paying the employees until the start of their shift.

24. Additionally, Defendant regularly rounded down time that Plaintiff and the putative class members worked past their scheduled shift. For example:

- on February 21, 2017, Plaintiff worked until 4:55 p.m., but Defendant only paid Plaintiff for her work until 4:45 p.m.;

- on March 2, 2017, Plaintiff worked until 4:57 p.m., but Defendant only paid her for her work until 4:45 p.m.;

- on April 6, 2017, Plaintiff worked until 4:53 p.m., but Defendant only paid her for her work until 4:45 p.m.; and,

- on January 15, 2018, Plaintiff worked until 4:59, but Defendant only paid her for her work until 4:45 p.m.

25. Although rounding policies may be appropriate in some cases (e.g., when rounding to the nearest quarter hour), it is not lawful for an employer to always round in its favor, as was

Defendant's practice. By always rounding in its own favor, Defendant was effectively docking its employees' pay.

26. Because of Plaintiff and other similarly-situated employees not being paid for all hours worked, Plaintiff and other similarly-situated employees were not paid overtime compensation for all of the hours they worked over forty (40) each workweek.

27. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

28. Upon information and belief, Defendant failed to make, keep, and preserve records of the required and unpaid work performed by Plaintiff and other similarly-situated employees.

## COLLECTIVE ACTION ALLEGATIONS

29. Plaintiff brings this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other similarly-situated persons who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

30. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is herself a member, is composed of and defined as follows:

> All former and current hourly packing and manufacturing employees of Defendant within three years preceding the date of filing of this Complaint to the present.

31. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated regarding her claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as her own in bringing this action.

32. These similarly-situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## OHIO CLASS ACTION ALLEGATIONS

33. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of herself and all other current or former persons employed by Defendant in Ohio within the last two years ("Ohio Class") defined as:

> All former and current hourly packing and manufacturing employees of Defendant within two years preceding the date of filing of this Complaint to the present.

34. The class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state the exact size of the potential Ohio Class but, upon information and belief, aver that it consists of at least several hundred persons.

35. There are questions of law or fact common to the Ohio Class including: whether Defendant docked its employees pay, failed to pay its employees for donning and doffing time, as well as time spent washing their hands at a designated hand-washing station, and associated travel, and whether that resulted in the underpayment of overtime.

36. Plaintiff will adequately protect the interests of the Ohio Class. Her interests are not antagonistic to but, rather, are in unison with, the interests of the Ohio Class members. Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Ohio Class in this case.

37. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

38. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

39. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

40. Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees for all time worked and overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) each workweek violated the FLSA, 29 U.S.C. §§ 201-219, 29 CFR § 785.24.

41. Defendant's failure to keep records of all hours worked for each workday and the total hours worked each workweek by Plaintiff and other similarly-situated employees violated the FLSA, 29 U.S.C. §§ 201-219, 29 CFR § 516.2(a)(7).

42. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the FLSA.

43. As a result of Defendant's practices and policies, Plaintiff and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO
### (Ohio Overtime Violations)

44. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

45. Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees for all time worked and overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) each workweek violated Ohio law.

46. Because of Defendant's practices, Plaintiff and other similarly-situated Ohio Class employees have been damaged in that they have not received wages due to them pursuant to Ohio's wage and hour laws.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, and all similarly-situated persons, collectively pray that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt-in;

B. Enter judgment against Defendant and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S. C. § 216(b), and the Ohio Class;

C. Award Plaintiff and the putative class actual damages for unpaid wages;

D. Award Plaintiff and the putative class liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the putative class;

E.  Award Plaintiff and the putative class pre-judgment and post-judgment interest at the statutory rate;

F.  Award Plaintiff and the putative class attorneys' fees, costs, and disbursements; and

G.  Award Plaintiff and the putative class further and additional relief as this Court deems just and proper.

Respectfully submitted,

Nilges Draher LLC

*/s/ Hans A. Nilges*
Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com
sdraher@ohlaborlaw.com

*Counsel for Plaintiff*

### JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

*/s/ Hans A. Nilges*
Hans. A. Nilges

*Counsel for Plaintiff*